**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Louis Cromwell,<br><br>              Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>             Respondents. | No. CV-23-00783-PHX-DWL<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Petitioner Robert Louis Cromwell, an Arizona death row inmate seeking habeas relief, has filed a motion for leave to file a habeas petition that exceeds the District of Arizona's presumptive limit of 200 pages for such petitions. (Doc. 30.) Cromwell has also lodged his proposed 257-page petition. (Doc. 31.) Respondents oppose the motion. (Doc. 32.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

On February 19, 2003, a Maricopa County jury convicted Cromwell of one count of first-degree murder and one count of sexual assault arising from the October 8, 2001 death of 11-year-old Stephanie Shortt. The jury also convicted Cromwell of two counts of aggravated assault, one against Ella Speaks, Stephanie's mother, and the other against Ella's friend, Kim Jensen. On March 6, 2003, Cromwell was sentenced to death for the murder, to life imprisonment without the possibility of release for 35 years for the sexual assault, and to 10 years' imprisonment each for the two aggravated assaults. *State v. Cromwell*, 119 P.3d 448, 449 (Ariz. 2005).

After unsuccessful appellate and post-conviction proceedings in state court,

Cromwell filed a notice of intent to pursue habeas relief.  (Doc. 1.)  Afterward, the Court issued a case management order specifying, *inter alia*, that Cromwell's petition "must . . . 'not exceed 200 pages, exclusive of attachments' under Local Rule Civil 3.5(b)."  (Doc. 5 at 3.)

**DISCUSSION**

I.   Legal Standard

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).  LRCiv 3.5(b) imposes a 200-page limit on capital habeas petitions.  However, LRCiv 3.5(b) also provides that the Court may grant leave to exceed the page limit if a party demonstrates "good cause," files a motion to exceed on or before the operative deadline, and attaches a copy of the proposed filing with the motion.

II.   The Parties' Arguments

Cromwell contends that good cause exists to exceed the 200-page limit because "[t]his is a highly complex capital case involving an extensive social history background," 13 claims, and 74 related sub-issues.  (Doc. 30 at 2.)  Cromwell further asserts that 35 of the sub-issues involve claims of ineffective assistance of counsel, "which by nature require an extensive amount of background and briefing."  (*Id.*)

Respondents contend that Cromwell's request should be denied because "[w]hile Petitioner relates the number of claims and sub-claims he wishes to raise in his petition, he provides no other case-specific reason for exceeding the local rule's limitation.  As another District Court Judge has opined, 'page limits exist to ensure cases can be litigated efficiently and those limits presumptively apply to every capital habeas case.'  Petitioner has failed to establish why the presumptive page limit of 200 pages should not apply to his capital habeas petition."  (Doc. 32 at 1-2, citation omitted.)

In reply, Cromwell contends that setting forth the procedural history of his case, as well as his social history, which is crucial to understanding the context of his claims, took approximately 42 pages, that his actual claims comprise 208 pages, and that his proposed

1  petition is thus "well within the framework" of other capital habeas petitions that have been
2  filed and accepted in this District despite exceeding 200 pages.  (Doc. 33 at 2, citations
3  omitted.)  Cromwell further contends that he has raised significant questions regarding his
4  possible innocence and numerous issues involving the "incredibly deficient performance"
5  of his trial counsel, compounded by the ineffective assistance of his appellate counsel,"
6  and that these issues "cannot be easily truncated and cabined to fit into a preset page
7  number."  (*Id.* at 2-3.)

### III.   Analysis

Cromwell has failed to establish good cause to exceed the presumptive 200-page limit.  The Court reaches this conclusion for several interrelated reasons.  First, the social history section of the lodged petition, which spans approximately 32 pages (Doc. 31 at 3-34), is derived almost entirely from trial transcripts and exhibits submitted in Cromwell's post-conviction relief proceedings in state court.  A highly detailed and editorialized version of the state court record, which the Court will carefully review in the context of Cromwell's claims, is unnecessary.  Second, a preliminary review of the lodged petition suggests that some of Cromwell's claims are, by his own account, foreclosed by existing precedent.  (*See, e.g.*, Doc. 31 at 43-44 [arguing that AEDPA is unconstitutional]; Doc. 31 at 252-53 [sub-issue 11-2, asserting that "[t]he death penalty constitutes cruel and unusual punishment" and citing dissenting opinions as support].)  Although Cromwell may have a legitimate interest in raising these issues so as to preserve them for future review by a higher court, he has not established that multiple pages of briefing are necessary for that purpose.  Third, although Cromwell asserts that his case is complex and involves claims of ineffective assistance and actual innocence, those features do not meaningfully distinguish it from other capital habeas actions, which are presumptively subject to LRCiv 3.5(b)'s 200-page limit.  Fourth, in a related vein, although Cromwell's reply cites several Arizona capital habeas cases in which the petition exceeded 200 pages (Doc. 33 at 2), the petitions in four of those cases (*Dixon, Garza, Chappell,* and *Lehr*) were filed before the

implementation of Rule 3.5(b)[1] and Respondents did not oppose the requested page increases (at least as to the initial oversize petition) in several others (*Nordstrom*, *Payne*, *Forde*, and *Burns*). Fifth, and finally, the Court notes that Arizona's presumptive 200-page limit is generous compared to some other districts. For example, the Northern District of Texas, the Middle District of Pennsylvania, and the Western District of Oklahoma all impose a presumptive 100-page limit for petitions or opening briefs in capital habeas actions. N.D. Tex. L.R. Civ. P. 7.5(a); M.D. Pa. L.R. Civ. P. 83.32.2(D); W.D. Okla. G.O. 10-1.

Accordingly,

**IT IS ORDERED** that Cromwell's motion to exceed page limits (Doc. 30) is **denied**. Cromwell shall file a first amended petition, not to exceed 200 pages, within 30 days of the filing date of this order. Failure to file an amended petition in compliance with this order may result in the dismissal of Cromwell's habeas petition.

**IT IS FURTHER ORDERED** that the Clerk file the proposed petition for writ of habeas corpus (lodged at Doc. 31).

Dated this 18th day of March, 2024.

Dominic W. Lanza
United States District Judge

---

[1] The current version of LRCiv 3.5(b) became effective December 1, 2020.